# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER ROBISON** | : |
| 5275 E. Twp. Rd. 8 | : |
| Tiffin, Ohio 44883 | : Civil Action No. 3:19-cv-896 |
| | : |
| **Plaintiff, for himself and all** | : JUDGE |
| **others similarly situated,** | : |
| | : MAGISTRATE JUDGE |
| v. | : |
| | : |
| **TECHSERV CONSULTING AND** | : |
| **TRAINING, LTD.** | : **Jury Demand Endorsed Hereon** |
| 12078 State Highway 64 W | : |
| Tyler, TX 75704-6940 | : |
| | : |
| **Defendant**. | : |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Now comes Plaintiff Chris Robison ("Plaintiff"), on behalf of himself and all others similarly situated, and proffers this Complaint for damages against Defendant TechServ Consulting and Training, Ltd. ("TechServ").

## NATURE OF SUIT

1. Plaintiff, individually and on behalf of other members of the general public similarly situated, seeks to recover overtime wages owed pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and for his termination in violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a).

2. Plaintiff, individually and on behalf of other members of the general public similarly situated, attaches supplementary state law claims in which Plaintiff seeks to recover overtime wages owed pursuant to the Ohio Wage Laws as defined below.

**JURISDICTION AND VENUE**

3. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("MFWSA" or "Chapter 4111"), and 28 U.S.C. §1331.

4. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

5. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff Robison entered into an employment relationship with Defendant in the Northern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Northern District of Ohio, and Defendant has done substantial business in the Northern District of Ohio.

**PARTIES**

6. Plaintiff, Christopher Robison ("Plaintiff Robison"), is an individual and United States citizen.

7. Plaintiff Robison is a resident of the State of Ohio.

8. Plaintiff Robison started working for Defendant in 2014 and ceased working for Defendant on or about March 21, 2019.

9. Over the course of his employment, Plaintiff Robison has worked as a Transmission Construction Representative which is commonly referred to as a "TCR."

10. Plaintiff Robison brings this action on his own behalf and on behalf of those similarly situated, and he has given written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Plaintiffs Robison's consent is being filed

along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

11. Defendant TechServ Consulting and Training Ltd. ("TechServ") is a Texas limited liability company with its principal place of business in Tyler, Texas.

12. During relevant times, Defendant TechServ benefitted from the work performed by Plaintiff and those similarly situated.

13. At all times relevant to this action, Defendant TechServ has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

14. Upon information and belief, Defendant TechServ's employees were engaged in interstate commerce and Defendant TechServ had annual gross volume sales and/or business in an amount not less than $500,000.00.

15. Upon information and belief, Defendant TechServ, at all times relevant hereto, was fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States, the State of Ohio, and the other states in which it operates.

16. During relevant times, Defendant TechServ had knowledge of and acted willfully in regards to its conduct described herein.

17. Defendant TechServ is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

**Factual Background Related to Wage Claims**

18. Defendant TechServ provides consulting and services to the utility industry.

19. Defendant TechServ's biggest client is American Electric Power ("AEP").

20. Defendant TechServ employs TCRs to work on AEP projects. The TCRs are frequently on job sites to ensure that subcontractors are performing the work up to AEP standards. TCRs also make sure other aspects of the job run smoothly.

21. Upon information and belief, AEP pays Defendant TechServ a set amount based on the number of hours worked TCR employees.

22. TCRs report their hours each week to TechServ and are paid on an hourly basis.

23. TCRs report to Area Supervisors. Area Supervisors also report their hours each week and are paid on an hourly basis.

24. TCRs and Area Supervisors are paid biweekly. Their paychecks reflect a weekly "salary" equivalent to 14 or 15 hours of time paid at their regular rate of pay.

25. Defendant TechServ provides TCRs and Area Supervisors with the option of being classified as an "employee" or an "independent contractor." TCRs and Area Supervisors that are treated as "independent contractors" are misclassified. These individuals are properly classified as employees.

26. Regardless of which classification is selected, TCRs and Area Supervisors are treated the exact same with the exception of withholding on their paychecks and the tax document issued at year end. Defendant TechServ controls all aspects related to the job of TCRs and Area Supervisors.

27. TechServ employs (or contracts with) approximately 150 TCRs at any given time in multiple states throughout the country.

28. TCRs routinely work more than 40 hours in a workweek.

29. TechServ employs 4-6 Area Supervisors at any given time

30. Area Supervisors routinely work more than 40 hours in a workweek.

31. There are approximately 30-40 TCRs and Area Supervisors employed at any given time in Ohio. During the three years prior to filing this Complaint, more than 40 TCRs and Area Supervisors have been employed by Defendant TechServ.

32. The salary portion of the TCRs' and Area Supervisors' pay does not have a reasonable relationship to the amount actually earned.

**Plaintiff Robison's Termination**

33. Plaintiff was required to fill out one timesheet throughout the majority of his employment with Defendant TechServ.

34. In or around February 2019, Defendant TechServ began electronically billing AEP. This required Plaintiff to submit two timesheets rather than one.

35. The timesheets contained important information that was required to be reported to TechServ and AEP. Such information included: time in, time out, the job site, the job site supervisor, work order number, among other things.

36. The timesheets were to be completed and submitted at the end of the week and capture the above stated information regarding each and every job that Plaintiff had worked on that week.

37. In or around February 2019, Plaintiff began including the time it took to fill out the timesheets in the timesheet he submitted to Defendant TechServ so that he could receive compensation for such time worked.

38. On or around February 26, 2019, Plaintiff was questioned about this practice by Kim Rhodes, Office Manager for Defendant TechServ.

39. Plaintiff explained that he began including this time because it took extra time to fill out and submit both timesheets.

40. On or around February 27, 2019, Jim MacMullen, Regional Manager for Defendant TechServ, told Chris that Defendant TechServ would not pay him for the time he spent filling in the timesheets.

41. On or around March 21, 2019 Defendant TechServ terminated Plaintiff's employment for timesheet issues.

## COLLECTIVE AND CLASS ALLEGATIONS

42. Plaintiff Robison brings his FLSA overtime claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class (the "FLSA Overtime Class"). The FLSA Overtime Class includes:

> **All TCRs and Area Supervisors, who currently or formerly performed work (as employees or independent contractors) for Defendant TechServ, who were not paid time and one half their regular rate of pay for hours worked over forty (40) during a workweek, at any time during the prior 3 years.**

43. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees and costs under the FLSA. In addition to Plaintiff Robison, numerous SSPs have been denied proper compensation due to Defendant's payroll policies and practices. Plaintiff Robison is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

44. These SSPs are known to Defendant and are readily identifiable through Defendant's pay records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

45. Plaintiff Robison also brings his Ohio Wage Laws claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of themselves and all other members of the following "Ohio Overtime Class":

> **All TCRs and Area Supervisors, who currently or formerly performed work (as employees or independent contractors) for Defendant TechServ in Ohio, who were not paid time and one half their regular rate of pay for hours worked over forty (40) during a workweek, at any time during the prior 2 years.**

46. The Ohio Overtime Class, as defined above, is so numerous that joinder of all members is impracticable.

47. Plaintiff Robison is a member of the Ohio Overtime Class and his claim for unpaid wages are typical of the claims of other members of the Ohio Overtime Class.

48. Plaintiff Robison will fairly and adequately represent the Ohio Overtime Class and the interests of all members of the Ohio Overtime Class.

49. Plaintiff Robison has no interest that is antagonistic to or in conflict with those interests of the Ohio Overtime Class that they have undertaken to represent.

50. Plaintiff Robison has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Overtime Class.

51. Questions of law and fact are common to the Ohio Overtime Class.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees in Ohio.

53. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Ohio Overtime Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

54. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Overtime Class predominate over questions affecting individual members of the Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

55. Questions of law and fact that are common to the Ohio Overtime Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Laws by failing to pay TCRs and Area Supervisors Overtime pay; (b) whether the set weekly pay has a reasonable relationship to the actual earnings; (c) whether Defendant's violations of the Ohio Wage Laws were knowing and willful; (d) what amount of unpaid and/or withheld compensation is due to Plaintiff Robison and the Ohio Overtime Class on account of Defendant's violations of the Ohio Wage Laws; and (e) what amount of prejudgment interest is due to Ohio Overtime Class members on the overtime or other compensation which was withheld or not paid to them.

56. A class action is superior to individual actions for the fair and efficient adjudication of the Ohio Overtime Class's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Plaintiff Robison and counsel are not aware of any pending Ohio litigation on behalf of the Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate

their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## FIRST CAUSE OF ACTION
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime

57. All of the preceding paragraphs are realleged as if fully rewritten herein.

58. This claim is brought as part of a collective action by Plaintiff Robison on behalf of themselves and other Similarly Situated Persons – the FLSA Overtime Class.

59. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA.

60. During the three years preceding the filing of this Complaint, Defendant employed Plaintiff Robison and the FLSA Overtime Class.

61. Plaintiff Robison and the FLSA Overtime Class were paid on an hourly basis.

62. Defendant knew or should have known that the applicable pay structure violated the FLSA.

63. During the past three years, Defendant have knowingly and willfully failed to pay Plaintiff Robison and the FLSA Overtime Class an overtime premium for all hours worked over 40 in a workweek.

64. As a direct and proximate result of Defendant's conduct, the Plaintiff Robison and the FLSA Overtime Class have suffered damages. Plaintiff Robison and the FLSA Overtime Class seek unpaid compensation, liquidated damages, interest and attorneys' fees/costs, and all other remedies available, on behalf of themselves and all other SSPs.

## SECOND CAUSE OF ACTION
### O.R.C. 4111 — Rule 23 Class Action For Unpaid Overtime

65. All of the preceding paragraphs are realleged as if fully rewritten herein.

66. This claim is brought under Ohio Law.

67. Defendant's pay policy related to Plaintiff Robison and the Ohio Overtime Class violates the Ohio wage laws because it fails to pay Plaintiff Robison and the Ohio Overtime Class an overtime premium for all hours worked over 40 in a workweek.

68. During all times material to this complaint, Plaintiff Robison and the Ohio Overtime Class have been employees within the meaning of O.R.C. § 4111.14(B), and not otherwise exempt.

69. Defendant's repeated and knowing failure to pay overtime wages to Plaintiff Robison and the Ohio Overtime Class were violations of R.C. §4111.03.

70. For Defendant's violations of R.C. §4111, Plaintiff Robison and the Ohio Overtime Class are entitled to recover unpaid wages, interest, attorneys' fees/costs, and all other remedies available under Ohio law.

## THIRD CAUSE OF ACTION
**FLSA Retaliation, 29 U.S.C. §201, *et seq*. (For Plaintiff Robison Only)**

71. All of the preceding paragraphs are realleged as if fully rewritten herein.

72. Plaintiff engaged in a protected activity when he asserted his right to compensation for time spent performing compensable work.

73. Defendant knew that Plaintiff engaged in such protected activity.

74. As a result of Plaintiff's engaging in a protected activity, Defendant terminated Plaintiff's employment.

75. Defendant's decision to terminate Plaintiff's employment was causally connected to Plaintiff's assertion of his rights to compensation for compensable work under the FLSA.

76. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages for which Plaintiff is entitled to recover unpaid wages,

compensatory damages, statutory liquidated damages, interest, attorneys' fees and costs, punitive damages, and all other remedies available under the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, as to the First and Second Causes of Action Plaintiff Robison, the FLSA Overtime Class, and the Ohio Overtime Class, demand relief from Defendant as follows: an award against Defendant in an amount equal to the liability, losses, damages, liquidated damages, attorneys' fees, costs, expenses and any other amounts available under the law incurred as a result of Defendant's violations, as well as equitable relief and a permanent injunction enjoining Defendant from further violating the FLSA, R.C. 4111.03.

WHEREFORE, as to the Third Cause of Action for Plaintiff Robison only: unpaid wages, compensatory damages, liquidated damages, interest, attorneys' fees and costs, punitive damages, and all other remedies available under the FLSA.

Respectfully submitted,

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com*)*
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Kyle T. Anderson (0097806)
(Kyle@MansellLawLLC.com)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs hereby requests a jury of at least eight (8) person

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)